THE STATE OF MISSOURI, Respondent, v. J. G. LANDRUM, Appellant.

Kansas City Court of Appeals, January 6, 1908.

1. CRIMINAL LAW: Witnesses: Convict: Statutes.   The provision of section 66, chapter 102 of the General Statutes 1865, rendering one convicted of a felony incompetent to be sworn as a witness, was intended as a part of the sentence and cannot be removed by such subsequent legislation as contained in section 4680, Revised Statutes 1899, which was intended to remove the disability of convicts and to permit their conviction to be proven by their own testimony to effect their credibility.

2. ———: ———: ———: ———: Sister State.   These statutes have no application to a conviction and sentence in another State, and the statute of 1865 was intended only to apply to convictions for offenses against the criminal laws of this State.

3. ———: ———: ———: ———: ———.   The penal statutes of another State cannot operate extraterritorially, and unless there is a statute disqualifying convicts of other States from testifying, they are competent witnesses in this State.

3. **GAMBLING:** Evidence: Other Charge. Though evidence would tend to prove another charge as that the defendant kept a gambling house, is not incompetent so long as it tends to prove the offense charged, to wit: betting on game of chance.

Appeal from Howard Circuit Court.—*Hon. Alexander H. Waller,* Judge.

AFFIRMED.

*O. S. Barton* for appellant.

(1)   If there is any rule for the consideration of statutes well settled in this State, it is this, that they are to operate prospectively or not otherwise, unless the intent that they are to operate in such an unusual way to-wit, retrospectively is manifested on the face of the statute in a manner altogether free from ambiguity. State v. Grant, 78 Mo. 113; State ex rel. v. Auditor, 41 Mo. 25; State ex rel. v. Ferguson, 62 Mo. 77; Thompson v. Smith, 8 Mo. 723; State ex rel. v. Hayes, 52 Mo. 578.   (2)   At the time of the conviction of the witness Grady for the crime of burglary and larceny in 1878, becoming disqualified as a witness was a part of the punishment and necessarily a part of the judgment and the disabilities which the statute annexes to the commission of certain offences are part and parcel of the judgment, the Legislature cannot rescind a part thereof, and nothing but a full pardon of the crime itself makes the convict a new man and rehabilitates him with his former civil rights.   State v. Grant, 79 Mo. 129; Article 3, Constitution of Missouri; State v. Grant, 79 Mo. 123; Comm. ex rel. v. Halloway, 42 Pa. St. 446.   (3)   Nor will it do to say that section 4680, Revised Statutes of 1899, is a mere alteration of the rules of evidence or change of the method of procedure, for the Legislature has no right to make a person competent as a witness who theretofore, was rendered incompetent by the rendering of judgment in the conviction of a crime which crime remains unpardoned and which judgment remains

unreversed. State v. Grant, 79 Mo. 131. (4) The second contention of the appellant for the reversion of this cause is that the trial court erred in permitting the witness Grady in testifying over the objection of the appellant to the fact that the appellant was running the game and selling and cashing the chips. State v. Turner, 76 Mo. 350; State v. Young, 119 Mo. 495. (5) Nor is evidence admissible of a criminal act of a similar character of that charged. State v. Reed, 85 Mo. 194; Columbia v. Johnson, 72 Mo. App. 232.

*R. M. Bagby* and *A. W. Walker* for respondent.

(1) The witness Grady was competent to testify. Section 66, chapter 201, G. S. 1865, cited by appellant refers only to convictions under the provisions of that chapter. It was not designed to cover convictions in another State. If the evidence properly shows any conviction of the witness, it occurred in the State of Indiana and the witness is not thereby disqualified from testifying in this State. Logan v. United States, 144 U. S. 263; Sims v. Sims, 75 N. Y. 466; Commonwealth v. Green, 17 Mass. 515; Trust Co. v. Gleason, 77 N. Y. 400, 33 Am. Rep. 632; Pynchon v. Stearns, 52 Mass. 304. (2) The appellant contends that the court erred in permitting the witness, Grady, to testify that the appellant sold and cashed the chips used by the players in the game for the alleged reason that such evidence tended to prove appellant guilty of another and distinct offense from the one for which the defendant was on trial. Such evidence is the only direct refutation of the defense set up that the chips represented no money value. It was competent because the selling and cashing of the chips occurred at the same time, at the same place and in direct connection with the playing charged in the information. Evidence of other crimes is always admissible when it tends to prove the one under investigation. State v. Jones, 171 Mo. 402;

State v. Perry, 136 Mo. 126; State v. Pigg, 85 Mo. App. 399.

JOHNSON, J.—On information of the prosecuting attorney, defendant was convicted before a justice of the peace for an offense defined in section 2212, Revised Statutes 1899. He appealed to the circuit court where he was tried, convicted and fined twenty-five dollars. The information charged "that J. G. Landrum (the defendant), John Grady and Dave Malory on the 16th day of June, 1906, at the said county of Howard did then and there unlawfully play at a game of chance commonly called poker for money, property and gain with a gambling device, to wit: a pack of cards used and adapted for the purpose of playing games of chance for money, property, and gain."

It appears from the evidence introduced by the State that a policeman of Fayette and a deputy constable, suspecting that a gambling game was being played in a room in an upper story of a certain building, were enabled by ascending to the roof of an adjoining building to look into the suspected room through a window. They saw the persons named in the information and two others, who were strangers to them, seated at a table playing a game in which cards and poker chips were being used. During the time they watched, no money was on the table nor was any passed among the players. Before the trial in the circuit court, one of the players (John Grady) pleaded guilty to the charge contained in the information and paid the fine assessed against him. He was introduced by the State as a witness against the other defendants and on his testimony the conviction was obtained. He testified, in substance, that the persons in the rooms were playing poker for money and that defendant acted as dealer in selling and redeeming the chips used by the other players. After he was sworn and before he tes-

tified concerning the facts of the occurrence, counsel for defendant interrogated him as follows: "Q. Is it not a fact that from March, 1878, until the latter part of February, 1880, you served a term in the penitentiary of Indiana at Jeffersonville, Indiana, for larceny and burglary? A. Yes, sir."

Thereupon, counsel for defendant objected to the witness on the ground "that at the time he was sentenced to the penitentiary and served his sentence he was under the law disqualified from testifying as a part of his sentence. And he had been convicted and served his sentence prior to the passage of the act of 1895 permitting parties who had been convicted of a felony to testify." The objection was overruled and this action of the court is urged by defendant as a ground for the reversal of the judgment. In disposing of the questions thus arising, we shall assume for argument, without so deciding, that the evidence before us is competent to show that the witness was convicted in Indiana in 1878 of the crime of burglary and larceny, was sentenced to the penitentiary for a term of two years and served his sentence and, from this standpoint, the first question to arise is whether he would have been disqualified from testifying had his conviction and sentence occurred in this State instead of in Indiana. The law in force at that time relating to the subject is contained in section 66, chapter 201 of the General Statutes of Missouri of 1865, which is as follows:

"Every person who shall be convicted of arson, burglary, robbery or larceny, in any degree in this chapter specified, or who shall be sentenced to imprisonment in the penitentiary for any other crime punishable under the provisions in this chapter, shall be incompetent to be sworn as a witness or serve as a juror in any cause, and shall be forever disqualified from voting at any election, or from holding any office of honor, trust or profit within this State."

In the revision of 1879 (section 1378), the statute was amended by the omission of the words "to be sworn as a witness" and it is conceded that the effect of the amendment was to exempt a person thereafter convicted of an infamous crime from the disqualification of incompetency to give testimony.    In 1895, the Legislature enacted the statute now appearing as section 4680, Revised Statutes 1899, as follows: "Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross examination, upon which he must answer any question relevant to that inquiry, and the party cross examining shall not be concluded by his answer."    The manifest purpose of this enactment was threefold:    First, to remove the disability from persons convicted of past offenses against the criminal law; second, to permit the fact of the conviction of a criminal to be proved for the purpose of affecting his credibility as a witness and, third, to permit that fact to be proved by the witness's own testimony.    But the power of the Legislature to restore to persons convicted of crimes, rights and privileges of citizenship forfeited under the law in force at the time of the conviction was unequivocally denied by the Supreme Court in the case of State v. Grant, 79 Mo. 113, where the effect on past convictions of the amendment appearing in section 1378, Revised Statutes 1879, was exhaustively discussed and fully determined.    While it was held in the opinion that the amendment was not intended by the Legislature to operate retrospectively, the court did not content itself with denying the witness offered the right to testify on that ground alone, but held further that, as the disqualification of a convicted criminal to testify as a witness was in the nature of a penalty for the crime—was, in fact, a part of the sentence—the Legislature neither directly nor indirectly

could exercise the pardoning power by relieving him of a part of the punishment imposed on him by the sentence of the court. We refer to the opinion in that case for a comprehensive presentation of the principles and authorities supporting the conclusion stated which compels us to hold in the present case that neither the amendment of section 1378, Revised Statutes 1879, nor the subsequent enactment of section 4680, Revised Statutes 1899, should be given a retrospective effect and, therefore, had the witness been convicted in 1878 in this State for the crime of burglary and larceny, his resultant disabilities would not have been affected by subsequent legislation.

But no sound reason has been given for holding that the conviction of the witness in Indiana of an offense against the criminal laws of that State should, of itself, disable him from testifying as a witness in the courts of this State. The record does not disclose whether the laws of Indiana deprived him of this right of citizenship, nor do we consider that fact material. An analysis of the provisions of section 66, chapter 201, of the General Statutes of Missouri, 1865, demonstrates beyond dispute that they were intended to apply only to convictions for offenses committed against the criminal laws of this State and not to those committed in other States of the Union or in foreign countries. And had it been made to appear that a similar statute existed in Indiana at the time the witness was convicted and sentenced, such statute should not be given effect beyond the territorial limits of that State. "The weight of modern opinion seems to be that personal disqualifications, arising not from the law of nature but from the positive laws of the country, especially such as are of a penal nature, are strictly territorial, and cannot be enforced in any country other than that in which they originated." [Greenleaf on Evidence, sec. 376; Story, Conflict of Laws, secs. 92, 104;

Sims v. Sims, 75 N. Y. 466.]    Commenting on this rule,
the Court of Appeals of New York observed in the case
just cited:    "I think this doctrine applicable to the
question now in hand, and that there is nothing in the
Constitution of the United States which prevents such
application, or requires that the personal disabilities,
such as incompetence to testify or to vote, which may
be imposed upon a person convicted of a crime in one
State, should follow him and be enforced in all the
others.    If such were the operation of the constitutional
provision, the qualifications of witnesses called in our
courts and voters at our elections might be made to
depend upon the laws of other States instead of our
own."

As the penal statutes of the State of Indiana could
not operate extraterritorially, and as no statute existed
in this State in 1878 which disqualified a witness con-
victed in another State from testifying in our courts, it
must follow that the witness in the case in hand at no
time suffered under the disability now urged against
him.    What we have said sufficiently disposes of the
question adversely to the contention of defendant and
is sustained by authority.    [Logan v. U. S., 144 U. S.
263, 36 Law Ed. 429; Commonwealth v. Green, 17 Mass.
515; National Trust Co. v. Gleason, 77 N. Y. 400; Rail-
road v. Johnson, 81 S. W. 4; Commonwealth v. Gor-
man, 99 Mass. 420.]

Further, objection is made by defendant to the
action of the trial court in permitting the witness Grady
to testify that defendant sold him and the other players
the poker chips and was in charge of the room in which
the gambling was being conducted.    It is true, as ar-
gued, that these facts would tend to support a charge
founded on a different section of the statute (section
2197), but they also directly tended to sustain the
charge that defendant was guilty of the offense defined

in section 2212 and, therefore, were clearly admissible in evidence.

The judgment is affirmed. All concur.