E. R. WEBER v. STATE.

No. A-3596—Opinion Filed Feb. 22, 1921.

(195 Pac. 510.)

(Syllabus)

1. **WITNESSES—Perjury as Disqualification.** The provisions of sec-
tion 2225, Rev. Laws 1910, "No person who has been convicted of
perjury, or of subornation of perjury, shall thereafter be re-
ceived as a witness in any action, proceeding or matter what-
ever upon his own behalf," was not intended to disqualify a
witness convicted of such crime under the criminal laws of a
sister state or foreign country.

2. **SAME.** Although a witness, under a similar statute, may have
been disqualified to testify in the courts of a sister state, such
statute should not be given effect beyond the territorial limits
of that state.

*Appeal from District Court, Kay County;*
*J. W. Bird, Judge.*

E. R. Weber was convicted of the crime of grand larceny, and appeals. Reversed and remanded.

*J. E. Torrance* and *O. W. Torrance,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall* and *E. L. Fulton,* Asst. Attys. Gen., for the State.

MATSON, J. This is an appeal from the district court of Kay county, wherein plaintiff in error, hereafter referred to as defendant, was convicted of the crime of grand larceny, and sentenced to serve a term of four years' imprisonment in the state penitentiary.

Several alleged errors are assigned as grounds for a reversal of this judgment. There being, in the opinion of the court, no substantial merit in any of the assignments of error save one, and it not being considered probable that the matters referred to in the other assignments will likely arise upon another trial of the cause, we deem it only necessary to consider the question of error presented on the assignment, to wit, whether or not the court erred in refusing defendant the right to testify in his own behalf.

The Attorney General has filed a confession of error in this case, which is as follows:

"Plaintiff in error was convicted of the crime of larceny of an automobile of the value of $400, and sentenced to four years in the state penitentiary.

"Plaintiff in error took the witness stand on his own behalf and on cross-examination admitted that he had

been convicted of the crime of perjury in a court in Kansas, and that at that time he was out on parole, whereupon on motion of the county attorney, the entire evidence of plaintiff in error was withdrawn from the jury (R. 68), and in the court's written instructions to the jury, they were instructed by instruction No. 7 (R. 93) that the testimony of plaintiff in error had been withdrawn from the consideration of the jury, and that the jury should not consider the same.

"We are of opinion that this action and ruling of the court was reversible error. While there is some conflict in the authorities we are convinced that the weight of authority is that a conviction of perjury in one state will not disqualify such person as a witness in another state. The general rule in this regard is laid down in 40 Cyc. 2208, as follows:

"'A person who is offered as a witness in one state is not disqualified because he has been convicted of crime in another state.'

"The Supreme Court of the United States passed upon this question in the case of *Logan v. U. S.*, 144 U. S. 263 [12 Sup. Ct. 617, 36 L. Ed. 429], wherein the court held as follows:

"At common law, and on general principles, of jurisprudence, when not controlled by express statute given effect within the state which enacted. it to a conviction and sentence in another state, such conviction and sentence can have no effect, by way of penalty, or of personal disability or disqualification, beyond the limits of the state in which the judgment is rendered.'

"A collection of authorities on this question is found in L. R. A. 1917A, p. 1138, wherein the author of the note states as follows:

"'With respect to the question whether a conviction of a crime in one state which renders the person con-

victed incompetent as a witness in that state precludes him from testifying in another state, a conflict exists. By the weight of authority it is held that such a conviction will not render the person incompetent in the second state, and this result has been reached in both civil and criminal cases. The decisions reaching this conclusion are based mainly on the reasoning that the penal laws of one jurisdiction will not be enforced in another and that one state with respect to another is a foreign jurisdiction. The view was also taken in the leading case, reaching this conclusion, that the full faith and credit clause of the federal Constitution does not apply to criminal cases.'

"The following additional authorities uphold the rule herein contended for: *Wisconsin v. Pelican Insurance Co.,* 127 U. S. 265 [8 Sup. Ct. 1370, 32 L. Ed. 239] ; *Commonwealth v. Green,* 17 Mass. 515; *Sims v. Sims,* 75 N. Y. 466; *National Trust Co. v. Gleason,* 77 N. Y. 400 [33 Am. Rep. 632] ; Story on Conflict of Laws, § 92; 1 Greenleaf on Evidence, § 376; *Campbell v. State,* 23 Ala. 44; *State v. Landrum* [127 Mo. App. 653] 106 S. W. 1111."

Section 2225, Revised Laws 1910, in part provides:

"No person who has been convicted of perjury, or of subornation of perjury, shall thereafter be received as a witness in any action, proceeding or matter whatever upon his own behalf."

Assuming for the sake of argument, without so deciding, that the evidence in the record before us is competent to show that defendant was convicted in Kansas of the crime of prejury, the question then arising is whether such conviction disqualifies him from testifying in this state under the express provision of section 2225, *supra*.

Upon this question, there is an apparent conflict of authority, as stated in the confession of error of the At-

torney General. while there are two or three very early decisions to the contrary, we find no sound reason, in the absence of an express statute to that effect, for holding that the conviction of the witness of the crime of prejury in the state of Kansas should of itself disqualify him from testifying as a witness in the courts of this state. Indeed, we believe that it was not the intention of the Legislature to apply the disqualification in section 2225 to convictions for offenses committed against the criminal laws of another state or foreign country. Although the witness, under a similar statute may have been disqualified to testify in the state of Kansas, such statute should not be given effect beyond the territorial limits of that state.

"The weight of modern opinion seems to be that personal disqualifications, not arising from the law of nature, but from the positive law of the country, and especially such as are of a penal nature, are strictly territorial and cannot be enforced in any country other than that in which they originated. Accordingly it has been held upon great consideration that a conviction and sentence for a felony in one of the United States did not render the party incompetent as a witness in the court of another state, though it might be shown in diminution of the credit due to his testimony." 1 Greenleaf on Evidence, § 376; 1 Wigmore on Evidence, § 522; Story, Conflict of Laws, §§ 92 and 104; *Sims v. Sims*, 75 N. Y. 466; *Logan v. U. S.*, 144 U. S. 263 (12 Sup. Ct. 617), 36 L. Ed. 429; *Commonwealth v. Green*, 17 Mass. 515; *Samuels v. Commonwealth*, 110 Va. 901 [66 S. E. 222], 19 Ann. Cas. 380; *State v. Landrum*, 127 Mo. App. 653, 106 S. W. 1111.

We take the view, therefore, that the confession of error filed herein by the Attorney General is supported by the weight of modern authority, and that the trial

Syllabus.

court erred in refusing the defendant the right to testify in his own behalf, which right is conferred upon him when he requested it by section 5881, Revised Laws 1910.

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.

DOYLE, P. J., and BESSEY, J., concur.