## WOOD v. WOOD.

Court of Appeals of Kentucky.

Jan. 29, 1954.

261

Blakey Helm, Louisville, John M. Berry, New Castle, for appellant.

William G. Reed, Carrollton, J. S. Shaver, Bedford, for appellee.

COMBS, Justice.

The parties to this action were formerly husband and wife. They were married in 1919 and separated in 1941. The appellee, Raymond Wood, filed suit for divorce against his wife in Canton, Ohio, in 1942 but no divorce was granted in that action. He later filed suit for divorce in Nevada. His wife, appellant here, entered her appearance and defended the action. A divorce was granted in 1944 by the Nevada court. The judgment awarded alimony to the wife in the amount of $25 per month. Only two monthly payments of $25 each have been paid. This action was filed by Mrs. Wood to recover accrued alimony under the Nevada judgment amounting to $2,625. The appellee defended on the ground that in 1944, subsequent to the Nevada judgment, he transferred to the appellant certain personal property which she accepted in full satisfaction of her right to alimony.

On motion of the appellee the case was transferred to the common-law docket for trial of the issue of accord and satisfaction of the judgment. A jury decided in favor of the appellee. The wife appeals.

As grounds for reversal the appellant contends, first, that the court erred in transferring the case to the common-law docket for trial of the issue of fact raised by the pleadings. This argument has little force. Although a suit to enforce an alimony award is an equity action, KRS 403.-010, Carroll's Civil Code of Practice, section 12, applicable here, expressly authorized the court to grant an issue out of chancery for trial by a jury of questions of fact raised by the pleadings. It might be observed, however, that the jury's verdict is only advisory. Owings v. Webb's Ex'r, 304 Ky. 748, 202 S.W.2d 410.

It is next contended that the husband should not have been permitted to testify as a witness. This argument is based on the fact the husband had been convicted of perjury in Ohio because of certain statements made by him in the divorce action filed by him in that state. Our attention is called to KRS 421.090 which reads:

"A person convicted of any of the offenses described in KRS 432.160 to 432.180 (perjury and related offenses) shall ever afterward be disqualified from giving evidence in any judicial proceeding, or from being a witness in any case whatever except that he may testify in his own behalf in a criminal prosecution."

The appellee contends that this statute applies only when there has been a conviction in a court of this state. It is not clear from the statute whether the Legislature intended to confine the statute's application to those cases where the conviction has occurred in Kentucky, or whether it was intended that the statute should have general application, regardless of where the conviction occurred. In the absence of an expression of legislative intent in the statute, we turn to the general rule. According to the weight of authority a witness is not disqualified to testify in one state by reason of his previous conviction of a crime in another state. 58 Am.Jur., Witnesses, section 142, page 105; Annotation 2 A.L.R. 2d 579, at 581. This seems to be the unanimous rule, unless the defendant is prevented

by the laws of the state in which he was convicted from testifying in the courts of that state. In a situation of that sort it appears from the authorities cited above that there is some difference of opinion. But we do not have that situation here. Under the Ohio law a person convicted of perjury is not ipso facto disqualified from thereafter testifying as a witness in the courts of that state, although the conviction may be considered in testing his credibility as a witness. State v. Carter, 75 Ohio App. 545, 58 N.E.2d 794; Brice v. Samuels, 59 Ohio App. 9, 17 N.E.2d 280; Ohio Gen.Code § 13444-2. We conclude that the appellee was not disqualified from testifying in this case, but that evidence of his previous conviction for perjury was properly admissible as affecting his credibility as a witness.

We now look to the evidence which the appellee introduced in support of his plea that the alimony judgment has been settled. This settlement is supposed to have been made in a telephone conversation between the parties in 1944, a few months after the divorce was granted. Appellee's testimony in regard to this settlement is not supported either by witness or by memorandum. According to him, the consideration for the settlement was the waiver of his rights in the household and kitchen furniture owned by the parties before their separation, and the relinquishment of his claim for money contributed by him sometime in the 1920's toward the construction of a house which the parties built on land inherited by the wife from her father. This testimony does not have the ring of truth. At the time of their separation the parties were living in modest circumstances in a four-room apartment over the Sweet Shop in Bedford. The appellee testified that the value of their household and kitchen furniture was $2,000, but he failed to furnish any information as to when the furniture was acquired, how much it cost, or where it was purchased. The appellant testified that the value of the furniture did not exceed $150 and her testimony is corroborated to some extent by a witness who was a neighbor at the time the parties separated in 1941.

Appellee's testimony in respect to the money contributed by him to build the house is also far from convincing. It is true that a house was built during the marriage of the parties on land in West Virginia which the wife had inherited from her father. This was a five-room house which the wife testified cost about $1,300. She had also inherited $1,000 in money from her father and she testified that all of this money was applied toward the cost of the house. She admits that the appellee contributed to the cost of the house, but she says he was then working as a grocery clerk at $12 per week and did not contribute more than $100. Again we note that appellee's testimony is completely uncorroborated, whereas the appellant's testimony is supported, at least in part, by the admitted facts and circumstances. We also note the very significant fact that the appellee made no claim to any interest in the furniture or the property in West Virginia during the litigation in Nevada. Moreover, he stated in his answer in this case that the judgment had been satisfied by the transfer of certain personal property. A claim against the West Virginia house and lot ordinarily would not be considered as personal property.

We are not unaware that a jury has found for the appellee. We are also cognizant of the rule that it is the province of the jury to hear and weigh the facts. It has been written, however, that the members of this court are not by reason of their position as judges necessarily more ignorant about the facts of life and the usual course of human affairs than the average person of ordinary intelligence. The appellee's testimony in this case is completely at variance, not only with the known facts and circumstances but with the ordinary concept of human conduct. Moreover, he does not claim there was any agreement he should be repaid for the money he contributed toward the cost of the house, and it appears that he and his wife got the benefit of the rents from the property until their separation in 1941. Cf. Bohannon v. Bohannon, Ky., 249 S.W.2d

544. We also take into consideration that appellee left his wife in 1941 and no provision was made for her support until the divorce was granted in 1944. He was under legal duty to support her during the interim. It appears certain that the expenses for her reasonable support during that period would exceed any interest he might have had in the household furniture and the West Virginia property.

Since this is an equity action and the jury's verdict is merely advisory, we are authorized not only to reverse the judgment but to direct another.

The judgment is reversed with directions to enter one for the appellant.