91 So.2d 852 (1956)
Herman W. LEFCOURT, Appellant,
v.
J. Bradley STREIT et al., Appellees.
Supreme Court of Florida. En Banc.
December 19, 1956.
Rehearing Denied February 1, 1957.
*853 Warren, Klein & Moore, Miami Beach, for appellant.
Anderson, Scott, McCarthy & Preston, William C. Steel, Miami, and Farr & Farr, Punta Gorda, for appellees.
WARREN, Associate Justice.
Following the close of plaintiff's evidence at final hearing upon bill of complaint and answer, the lower court granted defendant's motion to dismiss the bill of complaint and entered final decree. Plaintiff has appealed.
The cause came on to be heard on a bill for declaratory judgment, to impress a trust, for accounting, and other relief, it being alleged that plaintiff and the individual defendants had entered into a joint venture to purchase certain lands and that plaintiff was to have a ten per cent interest therein, but that without the knowledge and consent of plaintiff these defendants caused said property to be purchased by one of the defendant corporations, title being taken by the other defendant corporation; that defendants have failed and refused to execute any document indicating the interest of plaintiff in the joint venture, and have failed and refused to convey an undivided one-tenth interest in the premises to him. Essentially, the answer of defendants admitted that plaintiff made demands upon them to convey to him an interest in the property, but stated that they were under no obligation to do so.
As the first witness on his behalf, the plaintiff took the stand. He was asked his name, which was given, and thereafter counsel for defendants requested the court for permission to question plaintiff as to his competency to testify. Following that request, which was granted, counsel for defendants asked plaintiff if he had ever been convicted of perjury. An objection being made by counsel for plaintiff on the ground that the question was improper, counsel for defendants quoted F.S. § 90.07, F.S.A., which states "a conviction of perjury shall make incompetent any person to testify in any court in this state, even if such person has been pardoned." The objection was overruled, whereupon plaintiff answered, "Yes." Following a discussion with reference to the statute the court stated it would sustain the objection made to the witness' competency. Thereafter, the trial proceeded, without further testimony of plaintiff.
The record does not indicate the state wherein plaintiff was convicted of perjury, however, it appears agreed on this appeal that such conviction occurred in the state of New York.
The inquiry here therefore is as to the competency of a party to testify in his own behalf who has been convicted of perjury in another state. This appears to be a question of first impression in this state, and if it is decided in favor of the appellant, other questions advanced are not necessary to be answered.
In 58 Am.Jur., Witnesses, Section 142, the following is found: "As a general rule, conviction by crime which makes a person incompetent as a witness has reference to a conviction in a court of the forum. According to the weight of authority, a person who is offered as a witness is not rendered incompetent by reason of the fact that he has been convicted of crime in another state. Similarly, a conviction in a Federal court does not disqualify one as a witness in the courts of the state in which the Federal court was sitting, or vice versa. This doctrine, it is considered, is merely an application *854 of the principle, universally adhered to, that the penalties adjudged by one jurisdiction will not be enforced by another." Also, see 70 C.J., Witnesses, Section 136.
In 2 A.L.R.2d, at page 581, there appears this summary: "A majority of the courts which have passed upon the point have reached the conclusion that a conviction in the courts of one state, will not work a disqualification of the convict as a witness in the courts of another state, assuming that such person would have been incompetent if the conviction had occurred in the state in which he was offered as a witness. This view has been taken irrespective of whether the alleged disqualification was based upon a common-law rule or an express statute and  in most instances  regardless of whether that witness' testimony was tendered in a civil or a criminal action." The following cases were given in support: Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429; Brown v. United States, 6 Cir., 233 F. 353, L.R.A. 1917A, 1133; Langdon v. Evans, 3 Mackey 1; Com. v. Green, 17 Mass. 515; Day v. Lusk, Mo., 219 S.W. 597; State v. Landrum, 127 Mo. App. 653, 106 S.W. 1111; Sims v. Sims, 75 N.Y. 466; National Trust Co. of New York v. Gleason, 77 N.Y. 400, 33 Am.Rep. 632; Cole v. Cole, 50 How.Pr. 59; Id., 12 Hun 373; Weber v. State, 18 Okla. Cr. 421, 195 P. 510; Burdine v. Kennon, 186 Tenn. 200, 209 S.W.2d 9, 2 A.L.R. 2d 577; Goldstein v. State, 75 Tex.Cr.R. 390, 171 S.W. 709; Missouri, K. & T. Ry. Co. of Texas v. De Bord, 21 Tex.Civ.App. 691, 53 S.W. 587. Supplemental annotations are Palmer v. Cedar Rapids & M. Ry. Co., 113 Iowa 442, 85 N.W. 756; Wood v. Wood, Ky., 264 S.W.2d 260; Vines v. State, 190 Tenn. 644, 231 S.W.2d 332.
Authorities on the law of evidence have taken the position mentioned above. In Wigmore on Evidence, Volume II, Third Ed., in section 524, it is pointed out that "the legislatures of almost every jurisdiction have long ago either entirely abolished or narrowly restricted the disqualification by conviction of crime. The earliest statute seems to have been that of England, in 1843. The statutes in the United States, when not providing for entire abolition, usually retain the common law rule for perjury only (including subornation); while a few retain it in its original scope as to kinds of crime, but apply it in criminal trials only; but neither of these limitations has any justification in logic or policy." This authority, in section 522, quotes from Professor Simon Greenleaf, Evidence, Section 376, as follows: "Whether judgment of an infamous crime, passed by a foreign tribunal, ought to be allowed to affect the competency of the party as a witness, in the courts of this country, is a question upon which jurists are not entirely agreed. But the weight of modern opinion seems to be that personal disqualifications not arising from the law of nature but from the positive law of the country, and especially such as are of a penal nature, are strictly territorial, and cannot be enforced in any country other than that in which they originate. Accordingly it has been held, upon great consideration, that a conviction and sentence for a felony in one of the United States, did not render the party incompetent as a witness, in the courts of another state; though it might be shown in diminution of the credit due to his testimony." Also, see Jones Commentaries on Evidence, Volume 5, Second Ed., Section 2098.
The competency of a convicted person as a witness in New York, where the conviction of plaintiff occurred, is stated in Penal Law, § 2444, McKinney's Consolidated Laws of New York, Annotated, C. 40, to-wit: "A person heretofore or hereafter convicted of any crime is, notwithstanding, a competent witness, in any cause or proceeding, civil or criminal, but the conviction may be proved for the purpose of affecting the weight of his testimony, either by the record, or by his cross-examination, upon which he must answer any proper question relevant to that inquiry and the party cross-examining is not concluded *855 by the answer to such question, except that such witness shall not be required to disclose a conviction for a traffic infraction as defined by the vehicle and traffic law, nor shall conviction therefor affect the credibility of such witness." As amended L. 1909, c. 240, § 61; L. 1934, c. 485, § 8, eff. May 9, 1934; section derived from Penal Code, § 714, L. 1881, c. 676. In addition, the Annotated New York Civil Practice Act, § 350 entitled "Competency of testimony of person convicted of crime," sets up in almost the same language, the requirements of the foregoing statute.
The reason for the enactment of the New York statute, as disclosed in People v. Sullivan, 1898, 34 App.Div. 544, 54 N.Y.S. 538, 541, "is that, prior to the adoption of the Codes, a person convicted of a crime was entirely disqualified from testifying, and it was with the view to remove such disqualification, and to make the person convicted of a crime competent to testify, that they were passed, with the limitation, however, that `the conviction may be proved for the purpose of affecting the weight of his testimony.'" In People v. McGloin, 1882, 91 N.Y. 241, the court stated, with reference to the aforementioned statute, that this section impliedly repealed the provision of the revised statutes rendering incompetent as a witness a person sentenced upon a conviction of a felony. Even prior to the enactment of legislation making a person convicted of a felony a competent witness, it was held that a conviction of a felony in another state did not operate to disqualify a witness. Sims v. Sims, 1878, 75 N.Y. 466; National Trust Co. of New York v. Gleason, 1879, 77 N.Y. 400, 33 Am. Rep. 632. In the latter case, the court ruled that a person convicted of a felony in another state might testify even though the term of the sentence being served had not expired.
It is therefore clear that plaintiff's conviction would not have served to bar his testimony in the state of New York.
In the case of Burdine v. Kennon, supra the court considered a state statute, Code 1932 § 11762, providing that one convicted of counterfeiting which another statute made a crime, should be disqualified to give evidence, and the court held that the statute did not operate to disqualify, in the state court, one convicted of the federal statutory offense of counterfeiting, a conviction of which did not render the defendant infamous. This case was referred to as authority for holding in Vines v. State, supra, that a witness who had been convicted of robbery in New Jersey would not render him infamous under the laws of Tennessee.
In Weber v. State, supra, a prosecution for larceny in the state of Oklahoma, it was held that the trial court erred in refusing the defendant the right to testify in his own behalf although the defendant had been convicted of perjury in the courts of Kansas. Construing a statute providing that "No person who has been convicted of perjury, or of subornation of perjury, shall thereafter be received as a witness in any action, proceeding or matter whatever upon his own behalf," R.L. 1910, § 2225, 21 O.S. 1951 § 505, the court said [18 Okla. Cr. 421, 195 P. 511]: "While there are two or three very early decisions to the contrary, we find no sound reason, in the absence of an express statute to that effect, for holding that the conviction of the witness of the crime of perjury in the state of Kansas should of itself disqualify him from testifying as a witness in the courts of this state. Indeed, we believe that it was not the intention of the Legislature to apply the disqualification in section 2225 to convictions for offenses committed against the criminal laws of another state or foreign country. Although the witness, under a similar statute may have been disqualified to testify in the state of Kansas, such statute should not be given effect beyond the territorial limits of that state."
In Samuels v. Commonwealth, 110 Va. 901, 66 S.E. 222, 223, which was concerned *856 with a statute, Code 1904, § 3898, providing that "a person convicted of perjury shall not be a witness, although pardoned or punished," the court held that a witness was not barred from testifying in a state court by reason of conviction for perjury in a federal district court of Virginia. The court also recognized that it is well settled that penal statutes are to be strictly construed and cannot be enlarged or their effect extended by construction.
There was involved in Wood v. Wood, supra, a Kentucky statute, KRS 421.090, which the court stated to be "a person convicted of any of the offenses described (perjury and related offenses) shall ever afterward be disqualified from giving evidence in any judicial proceeding, or from being a witness in any case whatever except that he may testify in his own behalf in a criminal prosecution." [264 S.W.2d 261.] Therein the appellee had been convicted of perjury in an Ohio court but had been permitted to testify in the instant case. The court ruled that the lower court was correct in refusing to disqualify the husband as a witness, saying: "The appellee contends that this statute applies only when there has been a conviction in a court of this state. It is not clear from the statute whether the Legislature intended to confine the statute's application to those cases where the conviction has occurred in Kentucky, or whether it was intended that the statute should have general application, regardless of where the conviction occurred. In the absence of an expression of legislative intent in the statute, we turn to the general rule. According to the weight of authority a witness is not disqualified to testify in one state by reason of his previous conviction of a crime in another state. 58 Am.Jur., Witnesses, section 142, page 105; Annotation 2 A.L.R.2d 579, at page 581. This seems to be the unanimous rule, unless the defendant is prevented by the laws of the state in which he was convicted from testifying in the courts of that state. In a situation of that sort it appears from the authorities cited above that there is some difference of opinion. But we do not have that situation here. Under the Ohio law a person convicted of perjury is not ipso facto disqualified from thereafter testifying as a witness in the courts of that state, although the conviction may be considered in testing his credibility as a witness [citing cases]. We conclude that the appellee was not disqualified from testifying in this case, but that evidence of his previous conviction for perjury was properly admissible as affecting his credibility as a witness."
There are a few other cases which have passed upon this same or similar question, such as McCoy v. U.S., 5 Cir., 247 F. 861, and State ex rel. Mitchell v. McDonald, 164 Miss. 405, 145 So. 508, 511, 86 A.L.R. 290. In the former the court held that in a criminal prosecution in a federal district court for Florida, a witness convicted of a felony in a district court for Arkansas was competent. In the latter it was charged that the appellee was not qualified to hold office because he had been convicted of perjury, the charge being based upon the record of an alleged plea of guilty to an indictment for perjury in a federal district court in Louisiana. In disposing of this contention, the court said: "The question as applied to the disability of a person to testify has arisen in many cases, and the reasoning and principles applied in those cases apply with equal force to a disqualification for holding office arising out of a conviction of crime, and lead to the conclusion that only convictions of crimes committed under the jurisdiction of this state will disqualify one from holding office in this state * * *."
Other late decisions have held that a conviction in a state court does not disqualify a codefendant from testifying as a witness in a federal court, Sharp v. U.S., 6 Cir., 195 F.2d 997, and that a person convicted of perjury in a state court may testify in a criminal prosecution in federal court although the perjurer was disqualified as a witness in the state court. United States v. Segelman, D.C., 86 F. Supp. 114.
*857 The trial court was in error in failing to permit plaintiff to testify as a witness on his own behalf and to hold that he was disqualified from testifying in the courts of this state by reason of a prior conviction of perjury not within the State of Florida.
Reversed for new trial.
DREW, C.J., and TERRELL, THOMAS and O'CONNELL, JJ., concur.
THORNAL, J., dissents.
ROBERTS, J., not participating.