## 𝔑𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### SAMUELS v. COMMONWEALTH.

November 26, 1909.

Absent, Buchanan, J.

1. WITNESSES—*Disqualification—Perjury—Conviction in Federal Court —Testimony in State Court.*—A witness convicted of perjury in a United States court sitting in this State is not thereby disqualified from testifying in one of the courts of this State. The Federal statute expressly limits the disqualification to "giving testimony in any court of the United States," and the Virginia statute intended only to disqualify persons convicted of perjury in a court of this State. Neither the Federal statute nor the State statute intended to impose, or could impose, the punishment prescribed by the other.

Error to a judgment of the Corporation Court of the city of Danville.

*Reversed.*

The opinion states the case.

*Peatross & Harris,* for the plaintiff in error.

*Robert Catlett, Assistant to the Attorney General,* for the Commonwealth.

CARDWELL, J., delivered the opinion of the court.

W. B. Samuels was indicted in the Corporation Court of the city of Danville for murder, found guilty and sentenced to confinement in the penitentiary for a term of eighteen years. To that judgment this court awarded a writ of error.

There being, in our opinion, no merit in the other assignments of error to the rulings of the trial court, or it not being probable that the matters therein referred to will arise upon another trial, we will consider only the question presented on the second assignment, viz.: whether or not it was error to refuse plaintiff in error the right to testify in his own behalf.

This ruling of the trial court was grounded upon the proof adduced on behalf of the Commonwealth that plaintiff in error had been theretofore convicted in the District Court of the United States for the Western District of Virginia of perjury, and that by virtue of the Virginia statutes—sections 3742, 3743 and 3898 of Va. Code, 1904—he was disqualified to testify as a witness in the courts of this Commonwealth.

Conceding that the proof was competent and sufficient to prove the conviction of plaintiff in error of perjury in the Federal court, does that fact disqualify him as a witness in the courts of this Commonwealth?

The Federal statute—sec. 5392 of the Revised Statutes of the United States—defines what constitutes perjury under it, and how the offense shall be punished, adding to the punishment by fine and imprisonment, "and shall moreover thereafter be incapable of giving testimony in any court of the United States . . ." By that statute the conviction of one for its violation incapacitates him to testify in the courts of the United States, i. e., in the Federal courts, and can be given no greater force or effect.

Section 3742 of the Virginia statute, *supra,* provides that if any person commit perjury on a trial for felony he shall be confined in the penitentiary not less than two nor more than ten years; and if it be on any other occasion he shall be confined in jail and fined. By section 3743 the further penalty is imposed of making any person so convicted incapable of holding any post mentioned in section 162 or of serving as a juror, or giving evidence as a witness, and section 3898 merely provides that "A person convicted of perjury shall not be a witness, although pardoned or punished."

We do not think it at all material that the Federal and State enactments impose different penalties for perjury, but do consider it conclusive of this case that the Federal statute was intended and has the effect only to disqualify persons convicted of perjury in the Federal courts to testify as a witness in the courts of the United States, i. e., in the Federal courts; and that the Virginia statutes were intended and have the effect only to disqualify persons convicted of perjury in a court of this State to testify as a witness thereafter in the courts of this State. The first section of the statute above mentioned clearly refers to perjury committed in the courts of this State; the second to post, i. e., offices, created and held under the laws of this State; and the third must necessarily have reference only to the capacity of a person to give evidence as a witness in the courts of this State. Had the legislature intended that the statute should have any other meaning or effect, doubtless it would by the use of apt words have made the intent plain and unmistakable and not left it to doubtful interpretation, since it is well settled that penal statutes are to be strictly construed, and cannot be enlarged or their effect extended by construction.

Very clearly neither the State statute nor the Federal statute contemplates imposing or could impose the punishment imposed by the other, nor can the courts of either take cognizance of or punish violations of the statutes of the other, for, as said *In Re Loney*, 134 U. S. 372, 33 L. Ed. 949, 10 Sup. Ct. 384, "neither the courts nor processes from the courts of one can be invoked to execute the judgments of the other."

In 1 Greenleaf on Evidence, sec. 376, the learned author says: "Whether judgment of an infamous crime, passed by a foreign tribunal, ought to be allowed to affect the competency of the party as a witness in the courts of this country is a question upon which jurists are not entirely agreed. But the weight of modern opinion seems to be that personal disqualifications, not arising from the law of nature, but from the positive law of the country, and especially such as are of a penal nature, are strictly

territorial, and cannot be enforced in any country other than that in which they originated. Accordingly, it has been held, upon great consideration, that a conviction and sentence for a felony in one of the United States did not render the party incompetent as a witness in the courts of another State; though it might be shown in diminution of the credit due to his testimony."

1 Wigmore on Evidence, sec. 522.

It follows that the judgment in this case has to be reversed, the verdict of the jury set aside, and the cause remanded for a new trial to be had in accordance with this opinion.

*Reversed.*