Richmond.

SILLING v. TODD, TRUSTEE, &C.

November 16, 1911.

Absent, Cardwell, J.

1. FRAUD—*Conveyance from Husband to Wife—Mistake—Trust for Wife.*—Where land was bought and paid for by a wife with her own means and for her own benefit, and her husband did not have and was never intended to have any interest therein, but, by mistake of the scrivener and without direction from either husband or wife, the conveyance was made and delivered to the husband, a trust was thereby created by law in favor of the wife, and if at the same time that the deed to the husband is recorded there is also recorded a conveyance of the same property from the husband to his wife, the wife is thereby invested with both the legal and the equitable title to the property, and it is not subject to liability for the debts of the husband.

Appeal from a decree of the Circuit Court of Augusta county. Decree for the complainant. One of the defendants appeals.

*Reversed.*

The opinion states the case.

*Bumgardner & Bumgardner* and *Robertson & Robertson,* for the appellant.

*J. M. Perry,* for the appellee.

HARRISON, J., delivered the opinion of the court.

This record shows that by deed recorded January 23, 1908, John H. Silling made a general assignment for the

benefit of his creditors, and that four days later he was, upon the petition of his creditors, thrown into bankruptcy. The bill in this proceeding was filed in the Circuit Court of Augusta county by R. A. Todd, trustee in bankruptcy of Silling, assailing the validity of a deed from John H. Silling to his wife, the appellant, dated February 15, 1906, but not acknowledged and delivered until January 9, 1908, conveying to her a store-house and lot at Stokesville, in Augusta county, and asking to have the same set aside upon the ground that the transfer was made with intent to hinder, delay and defraud the creditors of John H. Silling, within the purview of the bankrupt act, and also because within the purview of that act it constituted a preferential payment of a bond of Silling to his wife; and, further, because the transfer was frauludent and void under the laws of Virginia and, therefore, void under the bankrupt act.

The answer filed by the defendant, Annie E. Silling, denies every charge of fraud made in the bill against herself or her husband, and asserts that the utmost good faith characterized the conveyance to her which is assailed; that the lot upon which the store-house was built at Stokesville was bought for $100 by her and paid for with her own means, and that the building thereon was erected entirely with means furnished by her for that purpose; that the whole was an investment made by her for her own benefit; that through a mistake of the scrivener who prepared the deed the property was conveyed to her husband instead of herself, and that this mistake was intended to be corrected by the conveyance sought to be set aside; and that her husband never at any time had any beneficial interest in the property and never claimed any.

Both the husband and wife were introduced as witnesses to sustain the *bona fides* of the deed assailed, but their testimony was objected to upon the ground that under the

Virginia statute (Code, 1904, sec. 3346) neither husband nor wife is competent to testify in any proceeding by a creditor to avoid or impeach any conveyance, gift or sale from one to the other on the ground of fraud or want of consideration.

There is much force in the contention of the learned counsel for the appellant, that this suit is not based upon the Virginia statute of fraudulent and voluntary conveyances, but is based upon a Federal act, and that the validity of the deed in controversy is to be tested alone by the rules of Federal procedure as fixed by Federal statutes and decisions; and that the disability imposed upon husband and wife by the Virginia statute cannot by legal intendment be stretched to extend that disability to a proceeding under a Federal statute to set aside a paper declared void by a Federal statute. See *Samuels' case,* 110 Va. 901, 66 S. E. 222.

This question, however, need not be decided, because the evidence in this case, other than that given by the appellant and her husband, shows that the transaction in question was *bona fide* and without prejudice to the rights of the appellee or the creditors represented by him.

John H. Silling, the husband of appellant, was called as a witness by the appellee in the bankrupt proceeding and there testified at length. That deposition is quoted from by the appellee in his bill in this case and the whole deposition is filed by the appellant as part of her answer to the bill. This deposition of John H. Silling, taken in the bankruptcy proceedings, is conceded to be proper evidence in this case, and it, together with other competent evidence herein, abundantly shows that the appellant was amply able to buy the Stokesville lot and pay for the building erected thereon, and that she did in fact buy the lot and pay for it and the improvements put thereon with her own means, as an investment for her own benefit, and that her husband

never at any time had any interest therein.   The scrivener who prepared the deed conveying the lot to John H. Silling testifies that neither Mrs. Silling nor her husband ever saw that deed until after it was prepared, executed and delivered; that as soon as they saw it and found that the lot was conveyed to the husband instead of to the wife, they both protested, and at once insisted that it was a mistake which must be corrected, and that he advised them that the correction could be made by the husband conveying the title to Mrs. Silling, and that he would prepare the deed for that purpose free of charge as he had made the mistake; that it was his fault that this deed was not made until January, 1908; that every time Mrs. Silling saw him from the time the mistake was discovered until the transfer from the husband was made, she urged upon him the preparation of the deed conveying the property to her, but that he procrastinated without cause until January, 1908, when the deed from the husband was finally made and executed.   In the meantime, and until the deed was made, Mrs. Silling took from her husband, as a protection, his bond for $500, the total cost of the house and lot, which she surrendered as soon as she received the deed.   The deed which had by mistake been made to the husband was never recorded until the deed from him to his wife was made, when both were recorded within a few days of each other.

It being satisfactorily established that the property in controversy was bought and paid for by the appellant with her own means and for her own benefit, and that her husband did not have and was never intended to have any interest therein, it follows that when the deed was made conveying the property to John H. Silling, a trust was thereby created by operation of law in favor of Mrs. Silling, the party paying the purchase money, and when Silling subsequently transferred to his wife the legal title held by him for her benefit, he did no more than a court of

equity in a proper proceeding would have compelled him to do. That under such circumstances a trust resulted in favor of Mrs. Silling, the party paying the purchase money, is a familiar doctrine. *Cox* v. *Cox,* 95 Va. 173, 27 S. E. 834.

In the case at bar, the charges of fraud are wholly unsustained and the good faith of the transaction assailed is fully established. The decree complained of must, therefore, be reversed, and this court will enter such decree as the circuit court ought to have entered, dismissing the bill filed by the appellee with costs.

*Reversed.*