Laura White, nee Stallings, and Billy Darrow brought this action in the district court of Jefferson county, Okla., against Orah Stallings, individually, and as administratrix of the estate of J.T. Stallings, deceased, Jeptha O. Stallings and L.A. Stallings.
Plaintiffs alleged in their petition, and the court found on sufficient testimony, that Susan A. Stallings died intestate in 1909 leaving as her heirs her surviving husband, J.T. Stallings, and their children, J.B. Stallings, J.R. Stallings, J.T. (Jep) Stallings, L.C. Stallings, L.A. Stallings, Laura L. Stallings, now White, Katie C. Stallings, now Nolen, Nettie J. Stallings Darrow and W.G. Stallings; that J.T. Stallings, her husband, died intestate in 1910 leaving as his sole and only heirs the above-named children; that W.G. Stallings, their son, died in 1911 leaving as his sole and only heirs the above-named brothers and sisters; that the said W.G. Stallings had never been married and was without issue; that Nettie J. Stallings Darrow died intestate in 1912 leaving as her sole and only heirs two children, Ida Darrow and Billy Darrow; that Ida Darrow died intestate in 1921 leaving as her sole and only heir her brother, Billy Darrow; that the said Ida Darrow had never been married; that on the death of the father, J.T. Stallings, each of the above-named children became the owner of an undivided one-ninth (1/9th) interest in his interest in the estate of Susan A. Stallings; that on the death of W.G. Stallings his brothers and sisters inherited his undivided 1/9th interest in said estate; that this interest increased the interest of the surviving brothers and sisters to 1/8th in the estates of the father and mother; that upon the death of Nettie J. Stallings Darrow her interest in said estates was inherited by her husband, Jesse P. Darrow, and her two children above named; that upon the death of Ida Darrow her interest in said estates was inherited by her father, Jesse P. Darrow, and Billy Darrow; that Jesse P. Darrow married again and after his death his widow conveyed any interest she might have therein to Billy Darrow; that the final decree in the estate of J.R. Stallings, deceased, prevented Billy Darrow from receiving any interest through him; that the estates of J.T. Stallings and Susan A. Stallings consisted of a farm located in Texas, some bank stock in the City National Bank of Bowie, Texas, and some cash on deposit in said bank; that in 1912 Stallings Brothers, a partnership consisting of J.R. Stallings, J.T. *Page 650 
(Jep) Stallings and L.A. Stallings, was operating a ranch in Jefferson and Stephens counties, Okla.; that at that time Stallings Brothers owned approximately 790 acres and some personal property; that some time during the year 1912 J.R. Stallings went to Texas and sold the farm belonging to the estates of J.T. and Susan A. Stallings for the sum of $2,800; that the conveyance of said farm was executed by all of the then living heirs of the estates of J.T. and Susan A. Stallings; that at that time there was $700 on deposit in the City National Bank belonging to said estates, making a total of $3,500 after the farm was sold; that the $3,500 was taken by the Stallings Brothers, a partnership, and invested in the ranch with the oral understanding and agreement that all the heirs of the said J.T. and Susan A. Stallings should be partners in the ranch, including land and personal property, to the extent of $3,500; that in 1915 the bank stock was sold for $2,225; that this money was also put into the partnership in the same manner and with the same agreement; that in 1916 J.R. Stallings died intestate leaving as his sole and only heirs his surviving brothers and sisters and the heirs of his deceased brothers and sisters; that by reason of her interest in said estates Laura L. White is the owner and vested with an undivided 109/1160th interest in said ranch and personal property thereon; that by reason of the interest he inherited in his grandparents' estates Billy Darrow is the owner and vested with an undivided 19/464th interest in said property; that the intervener is the owner and vested with an undivided 19/2784th interest in said property; that after the death of J.R. Stallings the surviving partners, J.T. (Jep) Stallings and L.A. Stallings, continued to operate said ranch until the death of J.T. (Jep) Stallings on November 10, 1939; that at that time said ranch had grown and expanded and contained about 3,500 acres; that the personal property thereon was worth approximately $21,000; that these plaintiffs are the rightful owners of an undivided 1/12th each in and to all of said property; that during all the times since 1912 J.T. (Jep) Stallings and L.A. Stallings and J.R. Stallings, until his death, operated as Stallings Brothers, were acting as trustees for the plaintiffs as to their interests in said ranch and personal property thereon; that after the death of J. R Stallings, J.T. (Jep) Stallings and L.A. Stallings continued to act as trustees for the plaintiffs; that the record titles to the land and property were either in the name of J.T. Stallings, L.A. Stallings or Stallings Brothers, but that insofar as their interests are concerned said record owners hold same in trust for these plaintiffs; that J.T. (Jep) Stallings died intestate leaving as his sole and only heirs at law Orah Stallings, surviving wife, and Jeptha O. Stallings, son; that Orah Stallings is now the duly qualified and acting administratrix of the estate of J.T. Stallings, deceased.
Order of the court permitting Rubye Stallings Sharp to intervene having first been obtained, she filed her petition of intervention. Therein she alleged substantially the same facts with reference to the estates of J.T. and Susan A. Stallings as alleged in plaintiffs' petition. She further alleged that J.B. Stallings died intestate in 1914; that at the time of his death he was the owner of an undivided 1/8th interest in and to the estates of J.T. and Susan A. Stallings; that he left surviving four children, Rene Stallings, Bessie Stallings, now Graham, Mildred Stallings, now Boyer, and Rubye Stallings, now Sharp; that she inherited and became vested with an undivided 1/48th interest in the estates of J.T. and Susan A. Stallings through her father; that she was entitled to nothing as an heir of J.R. Stallings, deceased.
The court concluded as a matter of law (1) that on the death of Susan A. Stallings her estate became vested in her heirs above named; (2) that upon the death of J.T. Stallings his estate became vested in the heirs above named; (3) that upon the death of W. *Page 651 
G. Stallings his undivided 1/9th interest to said estates became vested in his heirs above named; (4) that when the proceeds arising from the estates of Susan A. and J.T. Stallings were brought to Oklahoma in 1912 they were invested in the Stallings Brothers Ranch with the understanding and agreement between the then living heirs of Susan A. Stallings and J.T. Stallings, deceased, and the partnership of Stallings Brothers, then composed of J.R. Stallings, J.T. (Jep) Stallings and L.A. Stallings, that such proceeds should be invested in Stallings Brothers ranch and participate in the future proportionately to the then value of said ranch in the losses and profits of said land; that said understanding and agreement constituted a partnership in the ranch between said heirs of Susan A. Stallings and J.T. Stallings, deceased, and said Stallings Brothers, partnership, and thereafter said ranch became the property of said partnership; that any moneys arising from the estates of said Susan A. Stallings and J.T. Stallings, deceased, subsequent to the year 1912 which were invested in said ranch became a part of the partnership assets of said ranch; (5) that on the death of Nettie Stallings Darrow her interest in the ranch became vested in her heirs above named; (6) that upon the death of Ida Darrow her interest in said ranch became vested in her heirs above named; (7) that upon the death of Jesse P. Darrow his interest became vested in his heirs above named; (8) that Cora Darrow, surviving wife of Jesse P. Darrow, conveyed to Billy Darrow any right, title, or interest she might have in the ranch; (9) upon the death of J.B. Stallings his undivided interest in said ranch became invested in his heirs above named; (10) upon the death of J.R. Stallings his undivided interest in said ranch became vested in his heirs above named; (11) that after the death of J.R. Stallings, J.T. (Jep) Stallings and L.A. Stallings continued to operate the ranch until the death of J. T. in November, 1939; that at the time of his death the ranch was worth approximately $52,000 and personal property thereon approximately $21,000; (12) that since the initial investment of the $3,500 from the estates of Susan A. Stallings and J.T. Stallings, deceased, in 1912, J.T. (Jep), L.A. and J.R. Stallings, operating as Stallings Brothers, were acting as trustees for the plaintiffs and intervener as to their interest in said ranch; that after the death of J.R. Stallings, J.T. (Jep) and L.A. Stallings continued the operation thereof as trustees for plaintiffs and intervener until the death of J.T. (Jep); (13) that the quitclaim deed executed by the intervener is a valid conveyance of her share in the estate of her uncle, J.R. Stallings; (14) that the intervener, as an heir of her father, J.B. Stallings, is entitled to recover her share of her father's interest; (15) that the final decree in the estate of J.R. Stallings, deceased, distributed the property to the five brothers and sisters, and that plaintiff, Billy Darrow, is thereby barred from recovering any interest in the ranch as an heir of his uncle; (16) that the plaintiff, Laura L. White, is the owner of the interest set forth in the findings of fact; (17) that the plaintiff, Billy Darrow, is the owner of the interest set forth in the findings of fact; (18) that intervener is the owner of the interest set forth in the findings of fact; (19) that the plaintiffs and intervener are entitled to an accounting from the defendants and to their proportionate part of the net proceeds arising from the sale of any property since the death of J.T. Stallings.
The court entered judgment in conformity with the findings of fact and conclusions of law provoking this appeal.
The plaintiffs in error as grounds for reversal of the judgment below urge the following propositions:
"1. Where a petition sets forth two causes of action which are inconsistent in that proof of one will necessarily disprove the other, it is proper to require plaintiff to elect the remedy which he will pursue. *Page 652 
"2. That part of paragraph 5 of the findings of the court that certain funds inherited by plaintiffs and 'invested by them in what was known as Stallings Brothers Ranch with the oral or implied understanding and agreement with their brothers and sisters, being the other heirs of J.T. Stallings, deceased, and Susan A. Stallings, deceased, who signed said conveyance, that said $3,500 would participate in the future proportionately to the then value of said ranch in the losses and profits of said ranch, and that said heirs of said J.T. Stallings and Susan A. Stallings should be partners in said ranch, including land and personal property, to the extent of said $3,500. That about the year 1915 said bank stock in said City National Bank of Bowie, Texas, was sold for $2,225 and was invested in said ranch in the same manner and with the same understanding and agreement as said $3,500' is contrary to and is not supported by the evidence.
"3. A partnership is dissolved by the death of a partner.
"4. A partner's only remedy is suit for accounting.
"5. An action for an accounting of a dissolved partnership is barred within three years.
"6. Where one pays money to another for an interest in real and personal property, with an agreement that the recipient of the money is to operate a business for himself and the payor of the money, an express trust is created.
"7. An express trust is invalid unless in writing.
"8. The finding by the court that J.R. Stallings, to the date of his death, J.T. Stallings, to the date of his death, and L.A. Stallings were acting as trustees for plaintiffs and intervener as to their interest in the Stallings ranch is contrary to and not supported by the evidence.
"9. Beneficiaries of an alleged trust, who make no claim of such trust for 28 years, during which time two of the trustees have died, and no accounting has been asked or made, are barred by laches.
"10. The plaintiff, Laura White, was an incompetent witness to testify to transactions and conversations had with J.T. Stallings, deceased."
It will not be necessary to consider all of the above propositions for the reasons which will hereinafter appear.
The first contention made rests upon the assumption that the allegation of partnership and a trust relation arising therefrom is so inconsistent that an election of remedies should have been required; this contention cannot be susstained. Partners are trustees for each other as to partnership property. 54 O. S. 1941 § 9. There was no such inconsistency as was the case in Abraham v. McSoud,188 Okla. 409, 109 P.2d 822; Oklahoma Wheat Pool Terminal Corp. v. Rodgers, 180 Okla. 623, 70 P.2d 1080; Gypsy Oil Co. v. Colbert,179 Okla. 321, 65 P.2d 505, cited and relied upon by plaintiffs in error.
It will be observed from the foregoing statement of facts and contentions that we have presented here one of those loosely constructed, but not unusual, characteristic family arrangements. This is a case of equitable cognizance and the determination and judgment of the trial court should not be disturbed unless clearly against the weight of the evidence if sustainable under any legal theory. Davis v. Childers,181 Okla. 468, 74 P.2d 930; Lewis v. Ingram, 57 F.2d 463.
The contention of plaintiffs in error relative to the plea of laches is answered by what was said in Cassidy v. Gould,86 Okla. 217, 208 P. 780, wherein we said:
"The question of whether a claim is barred by laches must be determined by the facts and circumstances in each case, and according to right and justice. Laches in legal significance is not merely delay, but delay that works a disadvantage to another."
Under the record here presented the delay of plaintiffs is not shown to have operated to the disadvantage of the persons who might have been entitled to urge such defense. *Page 653 
The final contention of the plaintiffs in error, to the effect that Laura L. White was an incompetent witness as to transactions and conversations had with J.T. (Jep) Stallings, deceased, is in our opinion lacking in merit since the testimony given and concerning which complaint is made was directed to a receipt and deed and other instruments in connection with the estate of J.R. (Rufe) Stallings, deceased, and which instruments were introduced in evidence by the plaintiffs in error. See James v. Wingate, 179 Okla. 224,65 P.2d 452, and Conwill v. Eldridge, 71 Okla. 223, 177 P. 79.
We have examined the record and think the trial court reached an equitable and just conclusion as to the interest of the various parties, and we will not disturb its judgment.
Affirmed.
All the Justices concur.