The OKLAHOMA COMPANY, a corporation, Plaintiff in Error,

v.

Eugene J. O'NEIL et al., Defendants in Error.

No. 38178.

Supreme Court of Oklahoma.

April 25, 1967.

Rehearing Denied May 23, 1967.

Floyd L. Walker, Tulsa, for Eugene J. O'Neil and others, petitioners.

Charles Hill Johns, Oklahoma City, for The Oklahoma Co.

IRWIN, Vice Chief Justice.

O'Neil and others filed in this Court an Application For Leave to File a Bill of Review, and, a Bill of Review in the case of The Oklahoma Company v. O'Neil, et al., Okl., 333 P.2d 534. In the prayer of the Bill of Review it is stated "that justice in this cause can be served by this Court only by granting this Bill of Review; by recalling the mandate and reviewing the entire appeal, and, having so done, set aside the opinion previously entered (333 P.2d 534), and entering such opinion and judgment as equity and justice now demands".

The Oklahoma Company v. O'Neil, supra, was promulgated in December, 1958, and the same was in favor of The Oklahoma Company and against O'Neil and others. That opinion had the concurrence of five Justices, among whom was Justice N. S. Corn, then a member of this Court. That opinion reversed the judgment of the trial court entered in an equitable. proceed-

ing wherein O'Neil and others were defendants and The Oklahoma Company was plaintiff. We will refer to The Oklahoma Company as Company and O'Neil and others as Petitioners.

In so far as pertinent to this proceeding, Petitioners alleged in their Bill of Review that Justice Corn, one of the five Justices who concurred in said decision, had made a sworn statement to the effect that he had been offered and had received a bribe for his vote in the decision rendered by this Court in 333 P.2d 534. The allegations contained in the Bill of Review were controverted by pleadings filed by Company.

The cause was referred to a Referee of this Court for the taking of testimony. A hearing was conducted and more than 500 pages of oral testimony were taken and approximately 100 exhibits submitted in evidence.

N. S. Corn testified at the hearing to the effect that after the appeal in the case under consideration had been lodged in this Court, that a certain attorney offered him a bribe if the judgment of the trial court was reversed and that he received a bribe after the decision of this Court reversing said judgment became final.

Company adduced the testimony of several witnesses, including the attorney who allegedly offered and paid Corn a bribe for his vote, and they each denied that they had ever been involved with Corn in any manner relating to improper conduct concerning matters pending before the Supreme Court. These witnesses also testified as to why they believed Corn would give the sworn statements and testimony.

Company contends there is no evidence of any kind, direct or circumstantial, which in any way proves or tends to prove that Company or any of its officers, agents or attorneys participated in, or had any notice or knowledge of any alleged bribery or misconduct when the cause was pending before this Court on appeal.

The stock of The Oklahoma Company with the exception of a few shares, was owned by Harold F. Wescott and his wife during the time involved. Although the attorney who allegedly offered and gave Corn a bribe for his vote in the case is not shown of record in the case as the attorney for Company, this Court does not overlook the family relationship between the owners of the stock in Company and such attorney.

Article 2, Sec. 6, Oklahoma Constitution provides:

"The courts of justice of the State shall be open to every person, and speedy and certain remedy be afforded for every wrong and for every injury to person, property, or reputation; and the right and justice shall be administered without sale, denial, delay, or prejudice."

In Johnson v. Johnson, Okl., 424 P.2d 414, we construed the above provision and said that it applies to each individual case and if a decision is rendered in a particular case without sale, denial, prejudice or wrongdoing of any kind, then, even though the decision be participated in by a Judge who has been corrupt in other cases, the requirements of the provision have been met.

Under the facts and circumstances herein presented we find it unnecessary to determine if the attorney, who allegedly offered and gave Corn a bribe in the instant case, acted as the agent or the attorney for Company, for if Corn received a bribe to influence his vote, it could not be said that Petitioners were not "wronged" and that "right and justice" were administered in said case "without sale" or "prejudice". Therefore, if Petitioners have been "wronged" this Court will afford them an opportunity to have this case considered and determined on its merits "without sale" or "prejudice".

Company contends that where conduct constituting a crime is charged in civil proceedings, such conduct need not be proved

beyond a reasonable doubt but evidence of guilt must be clear, convincing and satisfactory; and that the offense of bribery has not been established as there is no evidence, direct or circumstantial, corroborating Corn's testimony concerning the alleged bribe.

■ We are not herein concerned with the sufficiency of the evidence for a criminal conviction for offering, giving or receiving a bribe (see Title 12 O.S.1961, § 391) but with the sufficiency of the evidence to vitiate the vote of a former member of this Court who testified that while he was a member of this Court he was offered and did receive a bribe for his vote in a certain decision of this Court. In other words, the integrity of a decision rendered by this Court has been challenged on the basis that one of the votes necessary to constitutionally adopt such decision was obtained by "bribery" and we are concerned with the sufficiency of the evidence to sustain such challenge. In our opinion, when a former member of this Court confesses and testifies that while he was serving as a member of this Court he was offered and did receive a bribe for his vote in a certain case and such testimony reasonably tends to establish to the satisfaction of this Court that he did receive a bribe for his vote, this Court should set aside his vote in such case.

The opinion under consideration received the concurrence of only five members of this Court and Corn was one of the five members. Article 7, Sec. 3, of our Constitution provides that the concurrence of the majority of said Court shall be necessary to decide any question. Therefore, if the evidence reasonably tends to establish to the satisfaction of this Court that Corn was offered and received a bribe for his vote in the decision under consideration, such decision was not adopted by the concurrence of a majority of this Court as required by Article 7, Sec. 3, of our Constitution.

In determining whether the evidence reasonably tends to establish to our satisfaction that Corn was offered and received a bribe for his vote in the case under review, we find that the probative value of much of the testimony, pro and con, is weakened by certain facts and circumstances which have transpired since 333 P.2d 534 was adopted. We find it unnecessary to delineate these facts and circumstances for such would serve no useful purpose to the litigants herein or otherwise.

■ Corn stated that he had not been truthful on certain other occasions concerning some of his activities and Company argues that if he is "false in one thing, he is to be disbelieved in all things". In 98 C.J.S. Witnesses § 469, this maxim was considered and it is there stated: "This rule is not inflexible, or to be applied in all cases, and by the weight of authority the maxim is not a mandatory rule of evidence, but is rather a permissible inference that the jury may or may not draw". See Also 14A Okla.Digest, Witnesses, ☞317, p. 259.

This Court, under the record herein presented, may not ignore the confession and testimony of a former member of this Court to the effect that he was offered and received a bribe for his vote in a case pending in this Court. We have examined all the evidence and considered the same in light of all the facts and circumstances, and can only conclude that all the evidence in this proceeding, although conflicting, reasonably tends to establish to our satisfaction that Corn was offered and did receive a bribe for his vote in the decision under review. Having made such determination, we hold Corn's vote in 333 P.2d 534, was null and void and of no force and effect and hereby set aside his vote in said case.

■ Since we have set aside the vote of Corn in 333 P.2d 534, such decision did not receive the necessary concurrences re-

quired under Art. 7, Sec. 3, of our Constitution and was not constitutionally adopted.

■ Company contends that after the mandate in 333 P.2d 534 was issued all of the litigants settled and compromised all the claims and counter claims between them by written agreements and that such compromise and settlement agreements estop Petitioners from maintaining this action.

The compromise and settlement agreements relied upon by Company were predicated upon the assumption that our decision in 333 P.2d 534 was constitutionally adopted, free from irregularities, final and binding on all parties. In other words, when that decision was adopted and became final, Petitioners justifiably assumed they had lost the case and it was expedient and advantageous to them to make the best settlement they could under the circumstances. One of the Petitioners testified that they would not have entered into the compromise and settlement agreements had they known of the irregularities connected with the adoption of the opinion. Under these circumstances such settlement and compromise does not estop Petitioners from seeking the relief requested in their Bill of Review.

We have carefully considered all the other arguments and contentions set forth in Company's brief and have found them to have no substantial merit.

Having determined that the decision of this Court, dated December, 1958, The Oklahoma Company v. O'Neil, et al., 333 P.2d 534, was not constitutionally adopted, the mandate of this Court issued therein on January 6, 1959, is recalled and said decision is hereby vacated and set aside. It is further ordered that this cause be reinstated on the dockets of this Court for hearing and disposition on its merits.

Bill of review granted.

All the Justices concur.