Ida B. MARSHALL et al., Plaintiffs in Error,

v.

H. D. AMOS et al., Defendants in Error.

No. 36936.

Supreme Court of Oklahoma.

June 4, 1968.

Rehearing Denied July 9, 1968.

Jack L. Spivey and Paul Pugh, P. M. Williams, Oklahoma City, for plaintiff in error, Ida B. Marshall.

Charles R. Nesbitt, Oklahoma City, for defendant in error, H. D. Amos.

IRWIN, Vice Chief Justice.

This proceeding comes before this Court on a Petition for Review filed by H. D. Amos, herein referred to as Petitioner. The relief sought is the recall of the mandate and vacation of this Court's decision in the case of Marshall v. Amos, Okl., 300 P.2d 990. In that case the trial court had rendered judgment in favor of Petitioner and on appeal this Court reversed the judgment of the trial court.

In so far as pertinent to these proceedings, Petitioner alleged that N. S. Corn, then a member of this Court and one of the five Justices who concurred in said decision (300 P.2d 990), had made a sworn statement to the effect that he had received a bribe to influence his vote in said case; and that by reason of the acceptance of such bribe by N. S. Corn, the decision in 300 P.2d 990, was not adopted by the concurrence of a majority of the Supreme Court as required by Article VII, § 3, of the Constitution as then existing.

Ida B. Marshall, herein referred to as Respondent, in her response denied Petitioner's allegations of bribery and specifically plead as a defense, the statute of limitations, laches and estoppel by judgment. H. G. Marshall and H. G. Marshall, Inc., although served with summons in this cause, did not appear or plead.

The matter was referred to a referee of this Court and witnesses were sworn and examined and documentary evidence introduced. It is now before this Court for disposition.

The parties stipulated and agreed "tnat if N. S. Corn were called as a witness, his testimony would be the same as given * * * in the United States District Court for the Western District of Oklahoma, * * *."; and that "the testimony of N. S. Corn would be the same as set out in the attached exhibit, which exhibit may be considered by the Court for all purposes relating to Petitioner's Bill of Review as the testimony of N. S. Corn. * * *."; and that "this stipulation is without prejudice to all of the various defenses * * *" that may be presented by Respondent. Attached to the stipulation is the official transcript of the testimony of N. S. Corn which is relied upon by Petitioners.

Respondent contends that Corn was disqualified to testify as a witness because of his conviction in the United States District Court in and for the Western District of Oklahoma on plea of nolo contendere to an indictment charging him with a violation of Title 26 U.S.C. § 7201 and § 7206(1).

(Attempting to evade income tax and declaration under penalty of perjury). Respondent argues that such conviction amounted to a conviction of perjury and disqualified Corn to testify as a witness under the provisions of Title 21 O.S.1961, § 505, which provides:

"No person who has been convicted of perjury, or of subornation of perjury, shall thereafter be received as a witness in any action, proceeding or matter whatever upon his own behalf; nor in any action or proceeding between adverse parties against any person who shall object thereto, until the judgment against him has been reversed * * *."

We find it unnecessary to consider or determine whether Corn has been convicted of perjury by the federal court, but will assume for the purpose of this decision only, that Corn was convicted of perjury by the federal court and determine the following issue: If a person is convicted of the crime of perjury by a federal court sitting within the State of Oklahoma, does such conviction disqualify such person from testifying as a witness in the State Courts of Oklahoma?

In construing our perjury statute in connection with the disqualifications as a witness of a person convicted of perjury, the Court of Criminal Appeals in Weber v. State, 18 Okl.Cr. 421, 195 P. 510, held that a conviction of perjury in the State of Kansas did not disqualify the convicted party from testifying as a witness in Oklahoma. This holding is in harmony with more recent decisions from other jurisdictions. See Wood v. Wood (Ky.), 264 S. W.2d 260; Vines v. State, 190 Tenn. 644, 231 S.W.2d 332; and 2 A.L.R.2d 579–592. See also Samuels v. Commonwealth, 110 Va. 901, 66 S.E. 222, where it was held that a person convicted of perjury in a federal court sitting in Virginia was not disqualified as a witness in the State Courts of Virginia.

In Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429, the United States Supreme Court said:

"At common law, and on general principles of jurisprudence, when not controlled by express statute giving effect within the state which enacts it to a conviction and sentence in another state, such conviction and sentence can have no effect, by way of penalty, or of personal disability or disqualification, beyond the limits of the state in which the judgment is rendered."

In 58 Am.Jur., "Witness", § 142, pg. 105, the rule is stated that:

"As a general rule, conviction of crime which makes a person incompetent as a witness has reference to a conviction in a court of the forum. According to the weight of authority, a person who is offered as a witness is not rendered incompetent by reason of the fact that he has been convicted of crime in another state. Similarly, a conviction in a Federal court does not disqualify one as a witness in the courts of the state in which the Federal court was sitting, or vice versa. This doctrine, it is considered, is merely an application of the principle, universally adhered to, that the penalties adjudged by one jurisdiction will not be enforced by another. * * *."

We can only conclude and hold that if a person is convicted of the crime of perjury by a federal court sitting within the State of Oklahoma, such conviction does not disqualify such person from testifying as a witness in the State courts of Oklahoma. Having made such determination, we hold that Corn was a qualified witness in the instant proceeding.

Respondent contends that even if Corn were a qualified witness, judicial notice cannot be taken of his testimony given in the former federal court trial. In view of the stipulation hereinbefore referred to, this Court does not have to take judicial notice of testimony given at the federal court trial. Such testimony was admitted in these proceedings as the testimony of N. S. Corn by stipulation.

We will now consider Respondent's contention that Petitioner is precluded from

proceeding in this action on the grounds of res judicata and estopped by judgment. To sustain this contention, Respondent argues that in 1959, Petitioner filed a suit in the federal court involving the same parties and identical property; that the same allegations of fraud were alleged and the relief sought in that action was for damages for being wrongfully deprived of the property involved herein, and that the judgment therein determined the issues herein presented adversely to Petitioner.

Respondent cites Stuckwish, Adm'x v. St. Louis-San Francisco Ry. Co., 177 Okl. 361, 59 P.2d 285, and cases of similar import. In Stuckwish, two identical causes of action were involved for wrongful death. The first action was brought by the surviving widow in her individual capacity for the benefit of herself and for her children. The second action was brought by the surviving spouse as Administratrix for her benefit and for her children. Evidence was submitted in the first cause and the trial court sustained a demurrer to the evidence. The sole issue in the second cause was whether the judgment in the first action for defendant was a bar to the second action. We held the first action was a bar to the second action and pointed out that one of the controlling issues was whether primary negligence existed and the first action determined this issue adversely to plaintiff from the evidence adduced.

Respondent also cites Vinson v. Graham, 10 Cir., 44 F.2d 772, 773, and argues that it cannot be distinguished from the case at bar and is controlling. In that case, the United States, in behalf of (Indian) and others, commenced an action to set aside certain deeds on the grounds such deeds covered restricted lands and were not subject to sale or alienation. Defendant Smith filed a demurrer, setting up, among other things, grounds going to the merits. The trial court sustained the demurrer and dismissed the action against Smith. In a subsequent action brought by Indian, the court held that the decree of dismissal in the suit brought by the United States to cancel Indian's deed was res judicata in the suit brought by Indian himself seeking like relief but on different grounds. In discussing the order of dismissal the court said it "was without reservation and contained no recitation of the grounds upon which the demurrer was sustained. Therefore, it must be considered as an order dismissing the bill upon the merits, * * *."

We have examined Vinson and find that the facts and circumstances presented there are so different from the facts and circumstances presented in the instant proceeding, that Vinson cannot sustain Respondent's position in this proceeding.

An examination of the pleadings in the federal case relied upon by Respondent discloses an action in tort wherein Petitioner sought damages based on fraud and conspiracy in obtaining the decision herein involved. In the journal entry of judgment, the court found that Respondent's motion to dismiss should be sustained, and "in addition thereto, the court finds that the complaint * * * herein should be stricken and expunged from the record of this court as scurrilous and vexatious and presents no controversy which can be entertained by this court; the court further finds that the plaintiff (petitioner herein) should not be permitted to file an amended complaint, as requested, * * *." The decretal portion of the judgment sustained respondent's motion to dismiss and ordered petitioner's complaint stricken from the files and expunged from the records on the grounds that "the same is scurrilous and vexatious and presents no cause of action upon which this court has jurisdiction."

■ In Runyan v. City of Henryetta, Okl., 321 P.2d 689, we held:

"To constitute good plea of res judicata there must be identity of subject matter of action, identity of cause of action, identity of persons or parties to action, and identity of quality or capacity in persons to be affected thereby, and the existence of such elements must be determined as matters of fact from the

pleadings, findings and judgment in the case relied on to create the bar to new action.

\* \* \* \* \* \*

"Where an estoppel by judgment rendered upon one cause of action is sought to be applied to a matter arising in a suit on a different cause of action, the inquiry is whether the matter arising in the latter case is a question of fact actually determined in the former action and not what might have been litigated and determined therein."

Assuming, arguendo, that the federal case relied upon by Respondent might be a bar to Petitioner's right to bring a similar action in the federal court, which we do not herein consider or determine, a cursory examination of the record in these proceedings, when considered in connection with the record in the federal case, discloses that the federal case may not be a bar to the present proceedings.

The federal case was an action for damages and Petitioner demanded a trial by jury. No evidence was submitted and Respondent's motion to dismiss was sustained on the grounds that the petition was scurrilous and vexatious and presented no cause of action upon which the court had jurisdiction, and Petitioner was denied the right to file an amended petition. In other words, Respondent's motion to dismiss was sustained and Petitioner was denied the right to file an amended petition before any evidence was submitted supporting Petitioner's allegations. The federal court decision was not on the merits and neither litigated nor adjudicated the issues herein presented.

We can only conclude that the federal case relied upon by Respondent does not bar Petitioner's right to maintain this action.

Respondent further contends that Petitioner's right to any relief in this proceeding is barred by the statute of limitations and laches.

As will be hereinafter shown, the decision sought to be vacated herein (300 P.2d 990) has not been constitutionally adopted and the issue presented is one of first impression which concerns the applicability of the statute of limitations and laches to a decision which has not been constitutionally adopted.

Although 300 P.2d 990 was not constitutionally adopted, it is not absolutely void in a legal sense. There is nothing on the face of the decision which would disclose any irregularity or that the decision was not properly and legally adopted. Under these circumstances, the rule which safeguards the rights of innocent third parties would protect those who may have acted in reliance upon the legitimacy of the decision fair on its face. In other words, when a decision, regular on its face, is rendered by this Court, and subsequent events disclose that such decision was not constitutionally adopted, the fact that such decision was not constitutionally adopted can not affect or prejudice the rights of innocent third parties who acted in reliance upon the legitimacy of the decision fair on its face. See Pettis v. Johnson, 78 Okl. 277, 190 P. 681.

In this proceeding we are not concerned with the rights of innocent third parties and the effect of Respondent's argument is that she is entitled to the benefits of the decision although the same has not been constitutionally adopted because Petitioner's rights to have this case determined and adopted as required by the Constitution are barred by the statute of limitations and laches.

In Kizzire v. Sarkeys, Okl., 361 P.2d 1082, we said that the statute of limitations is an affirmative defense and the burden of producing evidence to make its application clear rests upon the party relying thereon.

In Crumley v. Smith, Okl., 397 P.2d 119, we held:

"The question of whether a claim is barred by laches must be determined by the facts and circumstances in each case, and according to right and justice. Laches in legal significance is not mere-

ly delay, but delay that works a disadvantage to another."

■ In Johnston v. Woodard, Okl., 376 P.2d 602, we held that laches is an affirmative defense and must be pleaded. Being an affirmative defense, the burden is upon Respondents to prove that Petitioner's delay in commencing these proceedings has operated to her disadvantage. See Stallings v. White, 194 Okl. 649, 153 P.2d 813.

In Johnson v. Johnson, Okl., 424 P.2d 414, we said that this Court is, and will be, open to any litigant who can come forward with evidence that any decision was obtained by corruption of any kind.

■ We find no statutory provisions whatsoever placing a limitation on proceedings to withdraw a mandate and vacate a decision of this Court where such proceedings are based on allegations that a former member of this Court, who had cast a decisive vote is such decision, had testified that he received a bribe for his vote in such decision. We therefore hold the statute of limitations is not available as a defense in this proceeding.

■ Although facts and circumstances might require this Court, according to right and justice, to recognize the defense of laches in a proceeding to vacate a decision of this Court which was not constitutionally adopted, Respondent has failed to prove that Petitioner's delay in commencing these proceedings has operated to her disadvantage and has failed to show why this Court should not be open to Petitioner to come forward with evidence that the decision under consideration was obtained by improper means. We therefore hold that Petitioner's Petition for Review is not barred by laches.

■ Respondent contends that Petitioner has failed to offer clear, satisfactory evidence that the decision rendered in 300 P.2d 990, was the result of or was obtained by any wrongdoing whatsoever.

We have examined the admissible testimony of N. S. Corn and such testimony reasonably tends to establish to the satisfaction of this Court that Corn did receive a bribe for his vote in 300 P.2d 990. Under these circumstances, this Court will set aside his vote in that case, and the same is hereby set aside. Having set aside Corn's vote in 300 P.2d 990, said decision did not receive the concurrence of the majority of the Supreme Court and was not constitutionally adopted for the reason it did not meet the requirements of Article VII, § 3, of the Constitution of Oklahoma, as then existing, which provided that the concurrence of the majority of the Supreme Court shall be necessary to decide any question. See Oklahoma Company v. O'Neil, Okl., 431 P.2d 445.

Having determined that the decision of this Court, dated June 5, 1956, and styled Marshall v. Amos, 300 P.2d 990, was not constitutionally adopted, the mandate of this Court issued therein is recalled and said decision is hereby vacated and set aside. It is further ordered that this cause be reinstated on the dockets of this Court for hearing and disposition on its merits.

Petition for Review granted; mandate recalled; decision vacated; and cause reinstated.

All the Justices concur.