Barbara Sue Peyton MOREY, Appellee,

v.

James Michael MOREY, Appellant.

No. 53405.

Court of Appeals of Oklahoma, Division No. 2.

July 7, 1981.

Released for Publication by Order of Court of Appeals Aug. 6, 1981.

Don Cooke, Miskovsky & Cooke, Oklahoma City, for appellee.

Gary L. Morrissey, Oklahoma City, for appellant.

BOYDSTON, Judge.

This appeal is from judgment of district court awarding plaintiff (Wife) $6,000 alimony in lieu of property division. Defendant (Husband) was ordered to pay Wife's $3,000[1] attorney fee. Husband previously obtained divorce by publication from Wife in the Virgin Islands in August, 1974, and had remarried before trial. Wife had no knowledge of the foreign divorce until she filed this action in September, 1976. Trial court reviewed and approved the foreign proceedings and retained jurisdiction to adjudicate marital property disposition. Husband appeals on the sole issue of whether court abused its discretion in its award to Wife.

I

The couple met at the Phone Booth Club in Oklahoma City and began courting in early January, 1972. During courtship, he made the following gifts to her: a silver 350 SL Mercedes, a $2,600 fur coat, a $2,800 gold piece (with diamonds), a $550 bracelet, and a $22,000 engagement ring consisting of a five carat solitaire surrounded by two and one-half carats of smaller diamonds. In addition to these gifts, she brought to the marriage a used Volkswagon and her clothes.

Prior to the marriage Husband was given a $22,000 house by his aunt, who also spent $20,000 redecorating and furnishing it for him. It was mortgaged, but his aunt made the payments. He owned another Mercedes, a Porsche and a Toyota jeep. His only source of income derived from several trusts. This income amounted to $15,000 to $18,000 annually. The aunt supplemented this income with approximately $30,000 per year in indirect benefits which included paying his bills and expenses, buying his clothes, and giving him cash gifts. At the time of marriage, the parties were in their early twenties and it was the first marriage for each.

Neither worked during the marriage. In fact, the only time Husband ever worked in his life was while he was marking time waiting to establish his six week residency requirement in 1974 in the Virgin Islands. During that time, he worked on a fishing boat.

Immediately after the marriage, things went downhill. He made several lengthy solo trips to visit friends in Aspen, Colorado and Malibu, California. She likewise made separate trips to visit friends. On one occasion, two friends accompanied her to Las Vegas on a gambling spree.

They actually lived under the same roof only five to seven months of the approximately two years they were married. In September, 1973, apparently in an attempt to informally settle accounts between them, Husband deeded her the house and left her with the furniture and all premarital gifts. The following January, she tried to commit suicide. Shortly thereafter he established residence in the Virgin Islands and obtained

---

1. This includes a $500 temporary attorney fee.

a divorce by publication notice, which explains why Wife never knew of the foreign proceedings.

The evidence showed Husband furnished Wife only token support during their separation. She continued to live in the house for awhile, but eventually defaulted on the mortgage payments and was forced to sell it. She netted only $6,000 out of the house because it was in terrible condition. Husband admitted it had been "partied in" quite a lot and some of his friends had shot holes through the doors, walls, ceilings and television set with a speargun. There was also evidence that numerous people had abused the house indiscriminately in the parties absence and instances of vandalism and burglary occurred.

She proved Husband traded her silver 350 SL and his cranberry 450 SL, both of which had been wrecked, for a black 450 SL. She stated he promised to transfer title to the new car to her when it was paid off but this never occurred. Her car had been valued at between $12,000 and $14,000.

■ To summarize, at the commencement of this marriage, Wife had virtually no separate property, except what Husband had given her during the courtship. He did not work, nor did he re-invest any of his income. Under these unique circumstances, the couple could not have possibly accumulated any "jointly acquired" property. About the only thing the court could do was award each their separate property, which we believe it did.

## II

■ Husband complains that the court awarded wife $6,000 "alimony in lieu of property division." We do not agree with the label attached to the award because it implies some property was "jointly acquired" and could therefore be divided. However, we hold the award was proper based on the evidence. What the court actually did was restore Wife to her pre-marital financial status.

In this respect, we observe no serious contention was made that the premarital gifts should be considered as anything other than her separate property. We also note Husband never denied trading her car (separate property) and refusing to replace it. Its value was conceded to be between $12,-000 and $14,000. By subtracting the $6,000 she received from the sale of the house from the $12,000 value of her car, the court arrived at its award of $6,000 to her. In this way the court merely brought the marital balance sheet to null with her premarital financial status.

■ The trial court has wide discretion in dividing property and awarding alimony. *Kiddie v. Kiddie*, Okl., 563 P.2d 139 (1979). Further, the appeals court will not set it aside in absence of showing a clear abuse of discretion. *Peters v. Peters*, Okl., 539 P.2d 26 (1975). Nor will the judgment be set aside if it can be justified under any proper theory. *Stallings v. White*, 194 Okl. 649, 153 P.2d 813 (1944). We find the facts in this case justify the award.

## III

■ Husband complains Wife was awarded $500 temporary attorney fee and an additional $2,500 fee for trial. We find the award of attorney fees in this case to be proper.

In this instance, Husband secretly obtained a divorce and actively deceived Wife for almost two years before she learned, through her attorney, that she was already divorced. This is a prime example of one party to a divorce deliberately delaying and frustrating the other party with almost mindless disregard for the other's rights. Had Husband been more candid with Wife or her attorney regarding the Virgin Islands divorce or in informing her sooner that a divorce had been granted, this litigation may have been either diminished or possibly avoided altogether. Even though she did not recover a large property award, she was entitled to a final division of assets which she would not have obtained without the concerted efforts of her attorney.

She has no readily liquidible assets with which to employ or pay her attorney.

Moreover, she was forced to hire an attorney in the first place just to discover she was already divorced. Under these circumstances we find she was entitled to be reimbursed for her costs of litigation. These included her attorney fees, which we also find to be reasonable in amount. *Gardner v. Gardner*, Okl.Ct.App., 629 P.2d 1283 (1981).

The decision of trial court is affirmed in all respects. Wife is awarded additional attorney fee of $1,500 for this appeal and costs are taxed against Husband.

BACON, P. J., concurs.

BRIGHTMIRE, J., dissents.

BRIGHTMIRE, Judge, dissenting.

The parties stipulated that after the woman wrecked her silver Mercedes, fixed it, and traded it in toward the purchase of a black Mercedes used by both parties as a family car, her interest in the silver Mercedes lost its identity as separate property and became an inextricable part of a jointly acquired asset worth about $12,000 at the time of the divorce. Thus it appears that the $6,000 awarded to the woman was an effort by the trial judge to equitably divide the single joint asset—the black Mercedes—and, apparently, he decided to divide it equally.[2]

As I see it, the trouble with the division is—and this is what the man complains of—the woman wound up getting 100 percent of the joint asset value because of the fact that he was given no credit for the value of the separate property he conveyed to her (his home and its contents) during the period of separation. There was at least a $6,000 equity in this property. Of course, the woman maintained that the house was a "gift," but given the estrangement of the parties at the time of the conveyance it hardly seems likely that the man deeded the woman the house merely as a final burst of affection as he sailed off to a distant isle for a divorce. The more likely truth is, as the man maintains, that he conveyed the house and its contents to the woman as an effort to effect a property settlement.

Under all the circumstances of the case, I think it was quite inequitable for the court to ignore the earlier real estate conveyance as a part of the property division and to neglect to give the man credit for the $6,000 equity. If this had been done, the man would have received the black Mercedes and the woman would not have received a judgment for $6,000 against him.

I would, therefore, reverse the judgment below and enter one consistent with the preceding views.

| | |
|---|---|
| 1969 Mercedes 600 Limousine | 13,000 |
| Cranberry Mercedes | 14,000 |
| Subtotal: | $69,000 |

(after marriage—gifts from aunt)

| | |
|---|---|
| 1971 Porsche | $ 7,000 |
| Toyota jeep | 6,000 |
| Total: | $82,000 |

The man's undisputed testimony was that the Porsche and jeep were gifts to him from his aunt. He also said that the money from the subsequent sale of the Porsche was used by the parties to live on during the marriage, thus reducing his property to $75,000. The $82,000 total for the man's property is further inflated since the woman valued the furniture at $0 and only received $6,000 from the sale of the house. The value of his property, therefore, would seem to be about $39,000.

---

2. The assets held by the parties are as folllows:

Woman's separate property:

(before marriage—all gifts from the man)

| | |
|---|---|
| Silver Mercedes | $12,000.00 |
| $20 gold piece with diamond cluster | 2,800.00 |
| Bronze bracelet | 555.00 |
| Mink coat | 2,569.85 |
| 7.5 carat marquise diamond | 21,000.00 |
| Subtotal: | $38,924.85 |

(after marriage—gifts from the man)

| | |
|---|---|
| Pyramid diamond ring | $ 2,294.33 |
| Fox fur | 555.00 |
| Total: | $41,774.18 |

Man's separate property:

(before marriage—gifts from the man's aunt)

| | |
|---|---|
| House | $22,000 |
| Furnishings | 20,000 |