**Larry Ray BOURLON, Appellant,**

v.

**Donna Kay BOURLON, Appellee.**

No. 57964.

Court of Appeals of Oklahoma,
Division No. 4.

Sept. 6, 1983.

Released for Publication by Order of
Court of Appeals Oct. 7, 1983.

the husband's parents gave him 80 acres of land as a gift. The parties built a home on one acre and ran cattle on the remaining 79. They also acquired a lake lot and various items of personal property.

During the marriage the wife entered into a long period of sexual encounters with several different men. She also engaged in alcohol and drug abuse. She had supplied alcohol to teenagers and had helped them enter drinking establishments. She would come home late at night and would leave the care of the two boys to the father. She also appeared nude or nearly nude in front of the two boys on many occasions. After the divorce was filed she moved into a house with her two boys and allowed a male friend to live there most of the time.

The father originally filed for divorce on the grounds of incompatibility. However, after being informed of his wife's clandestine sexual activities he amended the grounds to adultery. The wife admitted the sexual activities but pleaded condonation. The trial court found this fact in her favor. The husband also admitted to a retaliatory sexual encounter with a prostitute. However, this liason produced a venereal disease which he later transmitted to his wife. He allegedly asked her forgiveness and promised good behavior in the future.

Marti Hirst, Oklahoma City, for appellant.

James H. Buxton, Phillip H. Willits, Edmond, for appellee.

DE MIER, Judge.

This is a divorce action appealed by plaintiff husband. On appeal he contends the trial court erred by not granting a divorce on the grounds of adultery and that the court abused its discretion with regard to the property settlement, child custody, and awarding of attorneys fees. We affirm in part and reverse in part.

## STATEMENT OF FACTS

The parties married in 1969 and at the time of the divorce had two sons whose ages were seven and nine.

Both parties worked and earned approximately equal salaries. During the marriage

I

The trial court found the husband had condoned his wife's adultery. We disagree. It is possible that the husband did know of one of his wife's sexual acts and did condone it. However, condonation is conditional upon future good behavior and on not repeating the offense.

These conditions are set out clearly in *Tigert v. Tigert,* Okl.App., 595 P.2d 815 (1979). Here the court stated the elements of condonation:

"[A] condonation of a marital offense is a freely given pardon or forgiveness, carrying with it implied conditions that the errant spouse not repeat the offense, that the errant spouse treat the other with

'conjugal kindness,' and that the errant spouse maintain 'good conduct' in the future. In addition, a condonation may be predicated upon an express condition, in which case the express condition must be fulfilled."

The court further explains the policy underlying such a rule of law:

"The rationale behind allowing the defense is that reconciliations will be encouraged and society's interest in the continuation of matrimonial relationships furthered by allowing the errant spouse some protection under the law when that spouse honestly seeks and is granted forgiveness and an opportunity to reform. The errant spouse must be faithful to the trust reposed by the forgiving spouse, however, and must be proper in future behavior, or the condoned offense will be revived. We would not have the errant spouse be free to flaunt the offense, repeat it, or otherwise refuse to put forth any effort to warrant the pardon granted. . . ."

 In this case, if there was condonation, the wife lost that defense by her subsequent encounters. There was absolutely no evidence that the husband condoned her later sexual activity. The trial court erred in his finding of condonation. However, the trial court has the discretion to grant the divorce on any of the grounds that have been pled and proven and is not bound to grant the divorce on any particular grounds. In this case incompatibility and adultery were pled and proven and the trial judge granted the divorce on the grounds of incompatibility. This was within his discretion and was not reversible error. *Lavender v. Lavender,* Okl., 435 P.2d 583 (1967).

## II

The husband's second proposition of error is that the trial court abused its discretion concerning the property settlement. We agree.

 It is well settled that the trial court has wide discretion in dividing property and awarding alimony. *Kiddie v. Kiddie,*

Okl., 563 P.2d 139 (1977). The appeals court will not set the judgment aside nor substitute its judgment for that of the trial court absent a clear abuse of discretion. *Peters v. Peters,* Okl., 539 P.2d 26 (1975). Nor will the judgment be set aside if it can be justified under any proper theory. *Stallings v. White,* 194 Okl. 649, 153 P.2d 813 (1944). However, we find the facts in this case do not justify the award.

 A divorce decree which is contrary to law may be set aside by this court with instructions to enter another decree equitably dividing the property and making a fair and just provision for alimony if any should be decreed. *Bewley v. Bewley,* Okl., 266 P.2d 436 (1953).

 In this case the 80 acres of real property was a gift from the husband's parents and constituted a premature inheritance. The wife did in no way contribute to the acquisition of this property. However, when the parties built the home on the one acre she acquired an interest in that acre and home.

The home and acre was appraised by the husband at $41,800. The wife offered no appraisal value of her own. Moreover, it was undisputed that there was a mortgage balance of $24,171.83, thereby leaving a net equity of $17,628.17. This amount would therefore constitute the net marital estate in the real property. The wife should be entitled to one-half of that amount or, $8,814.08.

The trial court, however, granted a divorce and ordered among other things the following: The wife was granted custody of the minor children with reasonable and seasonable visitation to the husband every other weekend and alternating the major holidays; the husband was to pay the wife $150 per child per month for child support; the husband was ordered to maintain health insurance and to pay one-half the medical and dental care not covered by insurance; the 80 acres constituted a gift to the husband and was therefore awarded to him, subject, however, to an alimony judgment in favor of wife in the sum of $25,473,

representing one-half the appreciation of the property.

We therefore set aside the order of the trial court and in its stead it is ordered that the wife be awarded the amount of $8,814.08 as a judgment against the real property. The judgment shall draw interest at the legal rate for judgments until paid. The judgment shall be paid in four annual payments of $2,203.52, plus interest. The first payment to be April 1, 1984, and the first day of April thereafter, until paid.

### III

The third proposition the husband presents is that the court erred by awarding custody of the minor children to the wife. We agree. The law concerning custody is clear in Oklahoma. The legislature set out the considerations in 30 O.S.1981 § 11:

"In awarding the custody of a minor, or in appointing a general guardian, the court or judge is to be guided by the following considerations:

"1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question.

"2. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

■ The trial court must therefore first determine, by the clear weight of the evidence, what is in the best interests of the children and then determine which parent would be best fit to carry out those interests.

We shall review the evidence in this case: The father was the main custodian of the children. Both parents were employed. However, the father prepared dinner most evenings and stayed with the children and put them to bed. He was their basketball and baseball team coach for two years. However, he confessed to engaging the services of a prostitute and thereafter transmitting a venereal disease to the wife.

■ On the other hand the mother was seldom home in the evenings. She worked at a part-time job in order to earn money to buy a Corvette. On several occasions she came home drunk, twice in front of the children. She appeared nude or nearly nude in front of the seven and nine year old boys on several occasions. She secured alcohol and drugs for teenagers, helped them enter nightclubs, and played strip poker with teenage boys and girls. She brought home drugs from the V.A. hospital which were not prescribed. Finally, after the divorce had been filed she moved into another house with her children and allowed another man to be there night and day.

■ In light of this evidence we do not feel it would be in the best interests of the children, in respect to their temporal, mental and moral welfare, to be in the custody of the mother. If we apply the rule of "all things being equal," we come to the same conclusion. In this case all things are not equal. The mother's conduct drastically weighs the scales in the father's favor. Having reached this conclusion we feel the "tender years" rule is moot. However, even if it was not moot, we believe that children seven and nine years of age are not children of "tender years." We therefore do not need to find the mother unfit, only the husband more fit as a parent than the mother. *Park v. Park,* Okl.App., 610 P.2d 826 (1980). We thus find the trial court erred in granting custody to the mother for the reason that it was against the clear weight of the evidence and therefore an abuse of discretion.

■ We order custody be placed with the father subject to visitation by the mother the second and fourth weekend each month from Friday at 6:00 p.m. until Sunday at 6:00 p.m., and alternating holidays. The mother is further ordered to pay child support to the father in the amount of $100 per child per month until the children reach

their majority. The mother is also ordered to pay one half of all health and dental expense not covered by insurance.

## IV

The father last complains that the court erred in awarding attorney fees. We agree.

 The earnings of the parties were very nearly equal. There was no action by either party that caused additional litigation. We therefore conclude that pursuant to the guidelines of *Gardner v. Gardner,* Okl.App., 629 P.2d 1283 (1981), it was an abuse of discretion to order the husband to pay the wife's attorney fees. We reverse the trial judge and order both parties to pay their own attorney fees at the trial level and their own attorney fees and costs of this appeal.

We therefore affirm in part and reverse in part. We order the journal entry to be amended in accordance with this opinion.

BRIGHTMIRE, P.J., and STUBBLE-FIELD, J., concur.